19006. INTERNATIONAL AGRICULTURAL CORPORATION
*v.* INGRAM *et al.*

STEPHENS, J. 1. Where the local agent of a fertilizer corporation, having power to sell fertilizers for and in behalf of his principal, sells fertilizers for his principal and takes from the purchaser a note for the purchase-price, payable to his principal, and where afterwards this local agent accepts from the debtor a number of bales of cotton as security for the debt represented by the note, and, under instructions from the debtor to sell the cotton and apply the proceeds to the debt, sells the cotton and applies the proceeds to the debt, and afterwards an amount representing the proceeds derived from the sale of the cotton is credited on the note, and in a suit by the principal on the note this credit appears, and only the balance of the indebtedness represented by the note, less the credit, is sued for, the inference is authorized that the local agent, in accepting the cotton from the debtor and selling it under instructions from the debtor, acted as an agent of the fertilizer corporation.

2. Where, in a suit on a note instituted by the payee thereof against the maker and another as a surety thereon, there was evidence to the effect that the principal debtor, on or about the time the note fell due, delivered to the authorized agent of the plaintiff a number of bales of cotton, to be held by the agent as security for the payment of the note, and afterwards instructed the agent to sell the cotton at the then-prevailing market value of cotton, which was high enough to cause the cotton to sell at a sum sufficient to discharge the entire indebtedness, and also where there was evidence to the effect that the agent did sell the cotton under instructions from the pledgor, but sold it at another time and when the market value of the cotton was not high enough to cause the cotton to sell at a sum sufficient to discharge the entire indebtedness, and sold it at a price which was considerably less than the amount of the indebtedness, the inference was authorized that there

214

was a contract between the pledgor and the payee of the note, through the latter's authorized agent, to sell the cotton for the benefit of the pledgor and apply the proceeds towards the payment of the indebtedness; and, although there was an issue of fact as to when and at what market price the cotton was to be sold, the evidence authorized the inference that it was agreed between the parties that the cotton was to be sold at the time when its market value was such that a sale of the cotton would bring a sum sufficient to discharge the indebtedness. The evidence further authorized the inference that the plaintiff, through its authorized agent, failed and refused to sell the cotton pursuant to agreement at a time when its market value was such that, from a sale of the cotton, a sufficient sum to discharge the entire indebtedness would have been realized, and that, in so doing, the plaintiff violated its contract with the pledgor, to the damage of the pledgor in the full amount of the indebtedness, and the verdict found for the defendants against the right of the plaintiff to recover was authorized.

3. The only issue as to the amount of the defendants' damage being as between the amount which the cotton would have brought if sold at the time at which the defendants contended it should have been sold and the amount which the cotton actually brought when sold at a later date by the plaintiff, and there being no evidence as to the value of the cotton at any other time, and the jury having found generally for the defendants, and not having found in any sum against the plaintiff by way of recoupment or counterclaim, errors, if there were any, made by the judge of the trial court in submitting in the charge to the jury any issue as to a recoupment or counterclaim by the defendants against the plaintiff, or as to the right of the defendants to recover the highest proved value of the cotton after the date of its sale, were harmless to the plaintiff.

4. The verdict found for the defendants was authorized, and no error of law appears.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED JANUARY 22, 1929.

REHEARING DENIED MARCH 2, 1929.

*Homer Beeland*, for plaintiff.  *C. W. Foy*, for defendants.